{¶ 20} I concur in affirming the trial court's judgment, but for reasons different than those set forth in the majority opinion. I believe the policy provision at issue is clear and unambiguous on its face. I see no reason to interpret the policy language by looking at statutory provisions defining where and how an action is initiated for purposes of the statute of limitations.
 {¶ 21} As noted in the majority's footnote at the end of ¶ 7, this case was filed May 30, 2000. The accident occurred on May 30, 1996. The applicable policy provision states "[a]ny legal action against Allstate must be brought within two years of the date of the accident. No one may sue [Allstate] under this coverage unless there is full compliance with all the policy terms." Because this action was not filed within two years of the date of the accident, the trial court properly granted summary judgment in favor of Allstate.
 {¶ 22} Furthermore, because the two-year limitations period at issue here arose by contract, not by statute, R.C. 2305.19, the savings statute, has no application. In fact, the applicable statute of limitations would not have barred appellants' claim.
 {¶ 23} Because my reasons for affirming the trial court's judgment differ in some respects from those expressed in the majority opinion, I concur separately.